UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA KLINE,<br><br>    Plaintiff,<br><br>    v.<br><br>MENTOR WORLDWIDE, LLC, et al.,<br><br>    Defendants. | No. 2:19–cv–2387–MCE–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE<br><br>(ECF No. 43 ) |
| EMMA LEE NICHOLS,<br><br>    Plaintiff,<br><br>    v.<br><br>MENTOR WORLDWIDE, LLC, et al.,<br><br>    Defendants. | No. 2:19–cv–2391–MCE–KJN PS<br><br>(ECF No. 37 ) |

These related product liability cases are based on a common complaint filed in California state court before they were severed and then removed to this court as independent cases. On March 29, 2021, in a consolidated order, the assigned District Judge granted defendants' motions to dismiss all claims by plaintiffs Kline and Nichols, with leave to amend. (No. 2:19-cv-2387, ECF No. 39; No. 2:19-cv-2391, ECF No. 34.) Both plaintiffs were originally represented by

1

counsel, but after briefing concluded on the motions to dismiss the court granted their attorneys permission to withdraw. (No. 2:19-cv-2387, ECF No. 40; No. 2:19-cv-2391, ECF No. 31.) Because plaintiffs are now representing themselves, each action is referred to the undersigned for all pretrial proceedings pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). (See No. 2:19-cv-2387, ECF No. 42; No. 2:19-cv-2391, ECF No. 36.)

The court's March 29, 2021 order of dismissal gave plaintiffs 20 days to file a First Amended Complaint addressing the deficiencies identified, and it cautioned that failure to timely amend would result in dismissal of the action with prejudice and without further notice. (No. 2:19-cv-2387, ECF No. 39 at 14; No. 2:19-cv-2391, ECF No. 34 at 14.) That deadline passed without receipt of an amended complaint or any other filings from plaintiffs.

On May 5, 2021 the undersigned issued a consolidated order for plaintiffs to show cause within 14 days why their respective actions should not be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to continue prosecuting their cases. (No. 2:19-cv-2387, ECF No. 43; No. 2:19-cv-2391, ECF No. 37.) The undersigned warned that either plaintiff's failure to timely comply with the order by filing either a First Amended Complaint or a notice of voluntary dismissal "will result in a recommendation that her action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)." (Id. at 2.)

Copies of the March 29th dismissal order and the May 5th order to show cause were mailed to both plaintiffs at the addresses where their former counsel certified having served copies of the earlier orders granting leave to withdraw. (See No. 2:19-cv-2387, ECF No. 40; No. 2:19-cv-2391, ECF No. 35.) However, on May 20, 2021, the copies of those orders sent to plaintiff Nichols were returned to the court as undeliverable. The second deadline provided in the May 5th order to show cause is now passed, again without any response from either plaintiff.

**Legal Standard**

Eastern District Local Rule 183(a) provides, in part:

Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal,

judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (sua sponte dismissal under Rule 41(b) approved plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). These are:

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendants;
(4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

**Analysis**

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiffs' failures to take the steps necessary to move their cases forward after losing counsel. The third factor also favors dismissal because the longer this case stagnates, the longer defendants must wait to prepare their defense to any amended claims plaintiffs might assert.

With the passage of time, memories fade and evidence becomes stale.

The fifth factor also favors dismissal because the court already attempted less drastic alternatives. Specifically, in granting the motions to dismiss, the court informed plaintiffs of the complaint's deficiencies and granted them leave to amend. More than a month later, the undersigned gave plaintiffs another two weeks to provide their amended complaints, or otherwise show cause why these cases should not be dismissed for failure to prosecute. In plaintiff Nichols's case, the court's mail was returned as undeliverable, and plaintiff never informed the court of any change of address. See L.R. 182(f) (imputing a duty on parties to notify the court and parties of any change of address); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in [the party's] mailing address."). Both plaintiffs here remain incommunicado since losing counsel and having the original complaint dismissed. This leaves the court with little alternative but to recommend dismissal. Given plaintiffs' total silence despite the previous warnings, it is unlikely that monetary sanctions could be effective.[1]

As to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is the plaintiffs' own failure to prosecute their cases and comply with the court's orders that precludes a resolution on the merits. Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and
2. The Clerk of Court be directed to close this case.

///

---

[1] This is particularly so with respect to plaintiff Nichols, for whom the court lacks a valid address. See Carey, 856 F.2d at 1440-41 (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address; noting that, without a current address, district court could not threaten litigant with lesser sanctions when such order of sanctions or to show cause "would only find itself taking a round trip tour through the United States mail").

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: May 25, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

AW, ment.2387 & 2391